# EXHIBIT A

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 1, 2010

By Hand

Honorable Victor Marrero,
    United States District Judge,
        Southern District of New York,
            500 Pearl Street, Suite 660,
                New York, New York 10007-1312.

            Re:   *In re Alcon Shareholder Litigation*
                  (No. 10-0139 (VM) (DCF), S.D.N.Y.)

Dear Judge Marrero:

        We write on behalf of defendant Alcon, Inc. ("Alcon") in connection with the above-captioned putative class action to respond to the conditional dismissal of Alcon provided for in Your Honor's May 24, 2010 decision (the "May 24 Decision").

        In the May 24 Decision, this Court granted a motion to dismiss by defendant Novartis AG on grounds of *forum non conveniens*. At the same time, this Court dismissed the claims against the remaining defendants, including Alcon, provided that those non-moving defendants delivered their written agreement that, in connection with any future litigation in Switzerland arising out of the subject of this action, defendants would (i) accept service of process, (ii) consent to the relevant tribunal's personal jurisdiction over them, (iii) forego any defenses based on statutes of limitations that would not be available in this action, and (iv) satisfy any final judgment rendered by a Swiss court in any such future litigation.

        Regrettably, Alcon is unable to provide all of these consents. Alcon acknowledges that, as a Swiss corporation, it is generally amenable to personal jurisdiction and service of process in Switzerland. Alcon also agrees that, assuming that the timeliness of this action would be governed by Swiss law, it would not raise any statute of limitation defenses in Switzerland that were not available in this action.

Honorable Victor Marrero -2-

However, Alcon is unable to agree in advance that it would satisfy any hypothetical judgment, including potential money damages, that may in the future be entered in some as-of-yet unfiled litigation in a Swiss court. Although Alcon is named as a defendant, the Independent Director Committee of Alcon's Board of Directors has opposed the terms of the proposed transaction at issue here, and the circumstances underlying the claims alleged in this case could give rise to claims by Alcon shareholders seeking several billion dollars in damages or other monetary relief (May 24 Decision at 6-7).

Please let me know if we may be of any further assistance.

Respectfully submitted,

Brian T. Frawley

cc: Paul K. Rowe, Esq. (by e-mail)
(Wachtell, Lipton, Rosen & Katz)

Mark Lebovitch, Esq. (by e-mail)
(Berstein Litowitz Berger & Grossman LLP)

Gregory G. Ballard, Esq. (by e-mail)
(Howrey LLP)

James V. Masella III, Esq. (by e-mail)
(Blank Rome LLP)