USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-2-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
                                    :
IN RE ALCON SHAREHOLDER LITIGATION  :    10 Civ. 0139 (VM)
                                    :
                                    :    **DECISION AND ORDER**
                                    :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

By Decision and Order dated May 24, 2010 (the "May 2010 Decision"), the Court granted the motion of defendant Novartis AG ("Novartis") to dismiss the consolidated class action complaint (the "Complaint") of plaintiffs Erica P. John Fund, Oklahoma Firefighters Pension & Retirement System, City of Monroe Employees' Retirement System, City of Westland Police & Fire Retirement System, Massachusetts Bricklayers and Masons Trust Funds, and Boilermakers Lodge 154 Retirement Plan (collectively, "Plaintiffs") on the ground of forum non conveniens.[1] The Complaint asserted breach of fiduciary duty, breach of contract, promissory estoppel, and unjust enrichment claims arising out of a contemplated merger (the "Merger") of two Swiss corporations: Alcon, Inc. ("Alcon") and Novartis. The Court found that all of Plaintiffs' claims, at their core, challenged conduct governed by Swiss corporate law, and were thus more appropriately litigated in Switzerland. Plaintiffs then moved for reconsideration of the May 2010 Decision, which

---

[1] The May 2010 Decision is reported at <u>In re Alcon Shareholder Litig.</u>, -- F. Supp. 2d --, No. 10 Civ. 0139, 2010 WL 2076991 (S.D.N.Y. May 24, 2010).

the Court denied at a June 15, 2010 conference (the "June 15 Conference").

Plaintiffs now move, pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), for leave to file an amended complaint. Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, "it is within the sound discretion of the court whether to grant leave to amend." John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Leave to amend a complaint should be granted "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman, 371 U.S. at 182; see also Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) ("A motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).

Plaintiffs assert that leave to amend should be granted because the amendment would not prejudice the defendants and would not be futile. Plaintiffs' proposed amended complaint would assert primarily a promissory estoppel claim based on an alleged promise contained in Alcon's Form 20-F, dated March 16, 2009 (the "Form 20-F"), filed with the Securities and Exchange Commission. Plaintiffs argue that their contemplated promissory estoppel claim would not implicate Swiss law and would thus be appropriately litigated in this forum. Novartis, by letter dated June 30, 2010, opposes Plaintiffs' motion, arguing that the May 2010 Decision already dismissed the same promissory estoppel claim and leave to amend would thus be futile.

Plaintiffs proposed promissory estoppel claim relies on the following alleged promise contained in the Form 20-F: "Our board of directors will only approve a decision with respect to any of these matters if a majority of the members of the special committee of independent directors so recommends." (See Declaration of James J. Sabella in Opposition to Defendant Novartis's Motion to Dismiss on Grounds of Forum Non Conveniens, dated April 19, 2010 ("Sabella Decl."), Ex. 2 at 98.) Plaintiffs concede that the promissory estoppel claim contemplated here is identical to the promissory estoppel claim in the Complaint. (See Plaintiffs' Memorandum of Law in

Support of Motion for Leave to File an Amended Complaint, dated June 25, 2010, at 5.) However, Plaintiffs argue that their promissory estoppel claim is distinguishable from other claims brought in the Complaint in that it arises under United States law. While Plaintiffs acknowledge that the alleged promise is directly preceded by language that expressly references an Alcon corporate document governed by Swiss law (the "Organizational Regulations"), they contend that the promise at issue is an "independent, stand-alone promise," not subject to interpretation of the Organizational Regulations or application of Swiss law. (See Letter of James J. Sabella, dated June 30, 2010.)

The Court disagrees. Upon review of the Form 20-F and the Organizational Regulations, the Court finds that the alleged promise in the Form 20-F, as well the entire subsection in which the alleged promise is contained, derives from and expresses almost verbatim a nearly identical section in the Organizational Regulations. Most notably for the purposes of this motion, the language of the alleged promise is substantially similar to language found in the Organizational Regulations. "Section 5" of the Organizational Regulations, entitled "Independent Director Committee," reads in relevant part: "The Board shall only resolve such matters if a majority of the members of Independent Director Committee

so recommends." (Sabella Decl., Ex. 4 at 13; cf. id., Ex. 2 at 98 ("Our board of directors will only approve a decision with respect to any of these matters if a majority of the members of the special committee of independent directors so recommends.").) The "matters" referred to in Section 5 of the Organizational Regulations and the "matters" referred to in the alleged promise comprise an identical set of corporate transactions that includes proposed mergers. (Compare id., Ex. 4 at 13, with id., Ex. 2 at 98.) The Court is thus not persuaded that, viewed contextually, the alleged promise is a "stand-alone" promise that would not require interpretation of the Organizational Regulations, a Swiss corporate document governed by Swiss law. To the contrary, the Court finds that the Form 20-F's alleged promise is integrally linked to the Organizational Regulations and applicable Swiss law.

In addition, as discussed at length in the May 2010 Decision, the Form 20-F expressly indicates that any challenges to actions of the board of directors would be governed by Swiss law and must be brought exclusively in Switzerland. The Form 20-F provides, in pertinent part:

> The rights of holders of [Alcon] shares are governed by Swiss corporate law and by [Alcon's] Articles of Association. In particular, Swiss corporate law limits the ability of a shareholder to challenge resolutions or actions of [Alcon's] board of directors in court .... In addition, under Swiss law, any claims by shareholders against [Alcon] must be brought exclusively at [Alcon's] place of incorporation.

-5-

(Id., Ex. 2 at 23.) As discussed previously, Plaintiffs' promissory estoppel claim, at its core, challenges the conduct of Alcon's board of directors in anticipation of the Merger. The Form 20-F unambiguously identifies Switzerland as the appropriate venue for such a challenge.

For the foregoing reasons, and for the reasons discussed in the May 2010 Decision and at the June 15 Conference, even if Plaintiffs were granted leave to file their proposed amended complaint, the Court's forum non conveniens analysis would not change, and leave to amend would thus be futile.

Accordingly, it is hereby

**ORDERED** that the motion for leave to file an amended complaint (Docket No. 56) of plaintiffs Oklahoma Firefighters Pension & Retirement System, City of Monroe Employees' Retirement System, City of Westland Police & Fire Retirement System, Massachusetts Bricklayers and Masons Trust Funds, Boilermakers Lodge 154 Retirement Plan, and Erica P. John Fund, Inc. is DENIED.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         2 July 2010

　　　　　　　　　　　　　　　　　　Victor Marrero
　　　　　　　　　　　　　　　　　　U.S.D.J.